### LOEWENSTEIN & CO. V. BENNETT, DAY & CO.

1. ERROR—REFUSAL TO GIVE SPECIAL CHARGES.

Unless exceptions to refusal to give special charges are saved at the time such refusal cannot subsequently be regarded as error by the circuit court.

2. EVIDENCE—IN REBUTTAL RECEIVED IN CHIEF.

The receipt of evidence in rebuttal, in the form of a deposition, containing evidence in chief, is discretionary, and no error results unless the discretion is abused.

3. PURCHASE MADE BY FOREIGN BROKERS—CONTRACT.

Where it appears that an order was given to brokers in Cincinnati, directing them to purchase merchandise, and this order was sent in writing to a broker in New York, who made the purchase for account of the Cincinnati purchasers, and it is admitted that, by the custom of the trade, the place of delivery is the place of purchase, the court was justified in so construing the contract.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J.

This was an action in the court of common pleas on an account for goods and merchandise purchased by a broker in New York, from defendants in error, for account of plaintiffs in error, a part of which goods were rejected as not in accordance with the contract.

First: The first alleged error that we shall consider is the refusal to give to the jury three special charges requested by the plaintiff in error. No exceptions were saved at the time to such refusal—hence it can not be regarded now as error.

Second: The court received as evidence in rebuttal the deposition of one of the defendants in error containing evidence in chief.

This was discretionary, and as the discretion was not abused, no error resulted.

Third: The following charge of the court was excepted to, to-wit: "That under the contract as put in proof it would seem to be without any controversy that the place of delivery was in the city of New York."

The order for the goods was given by the plaintiffs in error to brokers in Cincinnati directing them to purchase twenty-five bags of new figs and other merchandise, and this order was sent in writing to a broker in New York who purchased the figs (the goods in dispute) of the defendants in error for account of plaintiffs in error.

Loewenstein & Co. v. Bennett,, Day & Co.

The latter, in their amended and supplemental answer, say "that on or about the — day of November, 1892, they ordered of the plaintiffs certain figs in bags," etc.

This is a direct and positive admission that they purchased the goods through their agent at New York. It was also admitted on the trial below that, by the custom of the trade, the place of delivery was the place of purchase. With these admissions before the jury there was no error in the charge complained of.

Fourth: The only other error alleged is that the verdict was against the weight of the evidence. Unless it was manifestly so, this court will not reverse on that ground alone, and we do not think the evidence was such as to require interference.

Judgment affirmed.

*Gustav Werner*, for plaintiff in error.

*Howard Douglass*, contra.